# Staunton

E. Gertrude Boyd v. Ted Dalton, Executor, et al.

September 23, 1937.

Present, Campbell, C. J., and Holt, Hudgins, Gregory,
Eggleston and Spratley, JJ.

The opinion states the case.

*W. O. Leftwich, John S. Draper* and *W. B. Kegley,* for the appellant.

*Ted Dalton, W. J. Henson* and *Showalter, Parsons, Kuyk & Staples,* for the appellees.

GREGORY, J., delivered the opinion of the court.

E. Gertrude Boyd, proceeding under chapter 254A of the Code of 1930, which gives the courts jurisdiction in certain

cases to make declaratory judgments, filed her petition asking the court to determine and adjudicate her rights under a certain writing of May 16, 1932, which purported to convey to her all of the real and personal property of one, Lizzie Albright, owned by her "at the time of her decease." The writing was in the form of a deed and it was purported to be signed, acknowledged and delivered by the said Lizzie Albright to E. Gertrude Boyd.

The petitioner also prayed that a certain purported will of the said Lizzie Albright which bears date of May 30, 1935, in which she devised and bequeathed her estate to others, leaving to the petitioner a legacy of only $1,000, be annulled and set aside. The petitioner renounced this legacy in her petition.

The parties defendant who were the devisees and legatees under the will filed their demurrer, a special plea, a plea of *non est factum* and an answer and cross-bill in all of which it was averred that the deed was not genuine; that it was not the deed of Lizzie Albright; that it was fraudulent and invalid and that it was ineffectual to pass title to any of the property of Lizzie Albright.

The court by an order submitted the issues arising out of the special plea and the plea of *non est factum* to a jury to be tried at the bar of the court, and in the submission the court propounded six specific interrogatories to be answered by the jury. They were: "1. Was Lizzie V. Albright the same person as Elizabeth Virginia Albright? 2. Was the paper in question, dated May 16, 1932, written by the said Lizzie V. Albright? 3. Was the said paper, dated May 16, 1932, signed by the said Lizzie V. Albright? 4. Was the said paper, dated May 16, 1932, acknowledged by the said Lizzie V. Albright? 5. Was the said paper, dated May 16, 1932, delivered by Lizzie V. Albright to E. Gertrude Boyd, or some one for her? 6. The jury will also return their general verdict upon the issue on the plea of *non est factum*, to-wit: Is the said paper dated May 16, 1932, the deed of said Lizzie V. Albright?"

To each of the foregoing interrogatories except No. 1 the jury answered "No."

A motion was made to set aside the verdict as being contrary to the law and evidence, but upon mature consideration this motion was overruled. By an order, duly entered, the verdict was approved, the demurrer which had previously been interposed by the defendants was overruled and the purported deed of May 16, 1932, was cancelled and annulled. The correctness of that order is challenged in the present proceeding.

The principal assignment of error is that the court incorrectly sustained the verdict. The assignments embracing objections to the pleadings have not been insisted upon here. However, we have considered them and are of the opinion that they are not well taken.

Point is made that in the court below the defendants were allowed to impeach the acknowledgment to the deed by opinion evidence. We think this point has become immaterial since the jury by their verdict answered "No" to interrogatories numbers three, five and six respectively and established that the paper was not signed by Lizzie V. Albright; that it was never delivered by her and that it was not her deed. Thus, whether she acknowledged it has become unimportant.

From our view of this case and the ultimate result we reach, it is not necessary to consider the ruling of the court upon the demurrer. If we were of opinion to decide that the evidence was not sufficient to support the verdict, we would then have to decide whether the trial court correctly ruled upon the demurrer, but inasmuch as we are of opinion that the verdict of the jury is sustained by the evidence we are not called upon to decide whether the demurrer should have been sustained or overruled.

A statement of the evidence in detail is not necessary. Our sole duty is to point out the evidence which we think supports the verdict of the jury. Aside from many very significant circumstances to which we need not refer but which alone might have warranted the conclusion of the

jury, is the testimony of three handwriting experts and that of the notary who executed the certificate of acknowledgment to the paper of May 16, 1932.

The handwriting' experts, after an examination of the signature to the purported deed and a careful comparison of it with many admittedly genuine signatures of Lizzie V. Albright, unhesitatingly stated that the signature to the deed was not that of Lizzie V. Albright.

The notary testified that she had not known Mrs. Albright but the person who acknowledged the purported deed before her was apparently between forty and forty-five years of age. At that time Mrs. Albright was more than seventy years of age. The notary was shown a picture of Mrs. Albright and after an examination of it she testified that she had "never seen that woman." This direct testimony with the many significant circumstances shown by the evidence is sufficient to support the conclusion of the jury that Mrs. Albright did not sign the paper of May 16, 1932, and that it was not her deed.

The order of the trial court which is the subject of this review is affirmed.

*Affirmed.*